Mary Jo O'Neill   AZ #005924
C. Emanuel Smith  MS #7473
Sandra J. Padegimas  AZ #011652
**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5061

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT

2005 JUN 30  P 3: 56

DISTRICT OF UTAH

BY:_____
      DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission, <br><br> Plaintiff, <br> vs. <br><br> Micron Technology, Inc., a Delaware corporation, <br><br> Defendant. | **Civil No.** <br><br><br> **COMPLAINT** <br> **JURY TRIAL DEMANDED** <br><br> Judge Ted Stewart <br> DECK TYPE: Civil <br> DATE STAMP: 06/30/2005 @ 15:50:54 <br> CASE NUMBER:  2:05CV00546  TS |

## <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act,  and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin, disability, and retaliation, and to provide appropriate relief to Jose Artalejo who was adversely affected by such practices.  The Commission alleges Defendant Micron Technology, Inc., ("Micron" or "Defendant") discriminated against Mr. Artalejo because of his national origin, Mexican American, and his disability, hearing

impairment.  The Commission further alleges that, because he complained about the unlawful conduct, Micron retaliated against him by failing to accommodate Mr. Artalejo's disability and discharging him.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.    The employment practices alleged to be unlawful were, and are now, being committed within the jurisdiction of the United States District Court for the District of Utah.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and Title I the ADA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§  2000e-5(f)(1) and (3), Section 707 of Title VII, 42 U.S.C. § 2000e-6, and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.    At all relevant times, Defendant Micron Technology, Inc., has

continuously been a Delaware corporation doing business in the State of Utah and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Jose Artalejo filed a charge of discrimination with the Commission alleging violations of Title VII and the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Throughout Mr. Artalejo's employment tenure at Micron, Defendant has engaged in unlawful employment practices at its Lehi, Utah facility, in violation of Section 703(a) of Title VII,  42 U.S.C. § 2000e–2(a), by subjecting Mr. Artalejo to harassment because of his national origin, Mexican American.

8.     Throughout Mr. Artalejo's employment tenure at Micron, Defendant has engaged in unlawful employment practices at its Lehi, Utah facility, in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a), by subjecting him to harassment because of his disability, hearing impairment

9.     Defendant has engaged in unlawful employment practices in violation of Section 102(5)(A), 42 U.S.C. § 12112(a), by not making reasonable accommodations to Mr. Artalejo's known physical impairment.  The reasonable accommodations Defendant failed to make include, but are not limited to, excusing Mr. Artalejo from note taking duties after he lost his hearing aid and

-3-

having instructors use an amplification system, which was already in place, in a training that Mr. Artalejo attended. Neither requested accommodation would have caused Defendant an undue hardship.

10.    Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3, by discharging Mr. Artalejo because he opposed practices made an unlawful employment practice by Title VII.

11.    Defendant has engaged in unlawful employment practices in violation of Section 503(a) of the ADA, 42 U.S.C. §12203(a) by failing to accommodate Mr. Artalejo's disability and discharging him because he opposed acts and practices made unlawful by the ADA.

12.    The unlawful employment practices include, but are not limited, to the following:

(a)    Mr. Artalejo worked for Micron from October 2000 until October 22, 2002. During Mr. Artalejo's tenure, the national origin harassment was comprised in part, of national origin based epithets and taunting by coworkers, which was overheard by Defendant managers, and also made by his management team, including, but not limited to, "short Mexican," "little Mexican," and after September 11, 2001, suggesting that Mr. Artalejo could be taken for a Muslim terrorist.

(b)    During Mr. Artalejo's tenure, the harassment because of his disability (hearing impairment) was comprised, in part, by comments and/or actions by coworkers and his management team, including, but not limited to, ""[w]hy don't you clean out your ears little man," "dumb," "deaf," "dumb deaf guy," "turn up your ears," pretending to "sign," and using "deaf speak." These comments were made

-4-

by coworkers and managers

     (c)    In the Spring of 2002, Mr. Artalejo complained about the national origin and disability harassment to Defendant management officials. Defendant failed to take appropriate remedial action to prevent or correct the unlawful conduct.

     (d)    When Defendant management officials failed to take appropriate remedial action to prevent or correct the unlawful conduct, Jose Artalejo complained to Defendant's Human Resources Department about the harassment on or about August 5, 2002. After Mr. Artalejo complained to the Human Resources Department, a Defendant management official warned Mr. Artelejo "[y]ou are jeopardizing your career" and told Artalejo "[y]ou need to learn how to deal with it."

     (e)    After he complained about the harassment to Micron's Human Resource Department, a Defendant management official asked Mr. Artalejo how things were going on the floor. In response, Artalejo said that people were still ridiculing him; the management official told Artalejo that he was not "here to babysit" and told Mr. Artalejo to "take care of it" himself.

     (f)    After he complained about the harassment to Micron's Human Resource Department, Mr. Artalejo asked to be excused from note taking duties for his Unit's meeting because he had lost his hearing aids. Defendant denied Mr. Artalejo the requested accommodation and required him to take notes although he was unable to hear his coworkers' conversations.

     (g)    After he complained about the harassment to Micron's Human

Resource Department, Mr. Artalejo requested, and denied, a requested accommodation of having instructors use an amplification system during training that Mr. Artalejo was required to attend.

(i)     On or about October 22, 2002, Defendant fired Jose Artalejo.

(j)     The acting supervisor involved in the incident that led to Mr. Artlejo's discharge was one of the individuals who made some of the comments referenced in Paragraph 12 (a) and (b), above and also denied Mr. Artalejo the reasonable accommodation of being excused from note taking duties.

(k)     After Mr. Artalejo's termination, the acting supervisor told a Micron management official that it was nice to have a break without having to listen to "Joe's loud talking" and he was "glad to have gotten rid of that deaf guy" and bragged he was proud to have succeeded in having Artalejo terminated.

13.     The effect of the practices complained of in Paragraphs 7-12 above has been to deprive Mr. Artalejo of equal employment opportunities and otherwise adversely affect his status as an employee, because of his national origin, disability, and retaliation.

14.     The unlawful employment practices complained of in Paragraphs 7-12 were and are intentional.

15.     The unlawful employment practices complained of in Paragraphs 7-12 above were done with malice or with reckless indifference to the federally protected rights of Mr. Artalejo

-6-

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Micron, its officers, successors, assigns, and all persons in active concert or participation with them from (1) engaging in national origin harassment and any other employment practice that discriminates on the basis of national origin, (2) engaging in disability harassment and any other employment practice that discriminates on the basis of disability, (3) failing to reasonably accommodate an employee's disability, and (4) retaliating against an employee because the individual has opposed any practice made unlawful by Title VII or the ADA or because the individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII or the ADA.

B.    Order Defendant Micron to institute and carry out policies, practices, and programs, which provide equal employment opportunities for Mexican Americans, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Micron to institute and carry out policies, practices, and programs which provide equal employment opportunities, which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant Micron to make whole Mr. Artalejo by providing compensation for past and future non-pecuniary losses resulting from the

-7-

unlawful practices complained of in Paragraphs 7-12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E.    Order Defendant to pay Mr. Artaljo pecuniary compensatory damages for expenses he incurred because of the discrimination, including but not limited to, job search expenses.

E.    Order Defendant to pay Mr. Artalejo punitive damages for its malicious and/or reckless conduct, described in Paragraphs 7 -12 above, in amounts to be determined at trial.

F.    Grant such further relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact  raised by its complaint.

RESPECTFULLY SUBMITTED this _30th_ day of June, 2005.

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

Paul M.  Warner
United States Attorney


Carlie Christensen
Civil Chief

UNITED STATES ATTORNEY
185 S.  State #400
Salt Lake City, Utah 84111
(801) 325-3243
Associated Local Counsel for Plaintiff

Mary Jo O'Neill
Regional Attorney

C. Emanuel Smith
Supervisory Trial Attorney

Sandra J. Padegimas
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
(602) 640-5061
Attorneys for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED U.S. DISTRICT COURT**

**2005 JUN 30 P 3: 56**

**DISTRICT OF UTAH**

**BY:**

**DEPUTY CLERK**

## I. (a) PLAINTIFFS

Equal Employment Opportunity Commission

**DEFENDANTS**

Micron Technology, Inc., a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant UTAH
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mary Jo O'Neill, C. Emanuel Smith, Sandra J. Padegimas (602)640-5061
US EEOC, 3300 N. Central Ave, Ste 690; Phoenix, Arizona  85012

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | [X] 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title I of Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and 42 USC Sec 1981a

Brief description of cause:
To correct unlawful employment practices of the bases of national origin, disability, and retaliation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE  6/29/05

SIGNATURE OF ATTORNEY OF RECORD   Mary Jo O'Neill

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP

Judge Ted Stewart
DECK TYPE: Civil
DATE STAMP: 06/30/2005 @ 15:50:54
CASE NUMBER:  2:05CV00546 TS